IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:08CR226–HEH |
| JASON CUMMINGS, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Jason Cummings ("Cummings"), a federal inmate proceeding *pro se*, submitted this amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion") (ECF No. 44). The matter is before the Court on the Government's motion to dismiss Cummings's supplemental claim (ECF No. 51). Cummings has responded. The matter is now ripe for disposition.

### I. PROCEDURAL HISTORY

On July 14, 2008, Cummings pled guilty without a written plea agreement to possession with intent to distribute a substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (July 14, 2008 Tr. 7, 9, 15–16.) The Court sentenced Cummings to 225 months of imprisonment. (Judgment (ECF No. 21) 2.) The United States Court of Appeals for the Fourth Circuit subsequently affirmed this Court's judgment. *United States v. Cummings*, 337 F. App'x 313, 316 (4th Cir. 2009).

Cummings subsequently filed a 28 U.S.C. § 2255 motion raising eight claims. By Memorandum Opinion and Order entered on February 15, 2013, the Court dismissed

Claims One through Seven in Cummings's § 2255 Motion and directed the Government to respond to Cummings's Second Motion to Supplement in which Cummings raised the following claim:

> Claim Eight: Counsel deficiently advised Cummings not to accept the United States's plea agreement with a stipulated drug quantity and advised Cummings to plead guilty without a plea agreement.

*See United States v. Cummings*, No. 3:08CR226–HEH, 2013 WL 597497, at *8 (E.D. Va. Feb. 15, 2013). By Order entered March 13, 2013, the Court directed: (a) Cummings's former counsel, Alice Sheridan, to provide the Government with a sworn statement and documents pertaining to the plea; (b) the Office of the Public Defender to provide the Government with any document pertaining to the plea; and, (c) the Government to file a sworn statement regarding any plea offers made or rejected. (ECF No. 49.) The Government and Public Defender have responded with the requisite documents to comply with the Court's order. (ECF Nos. 50–51.) On April 16, 2013, the Court received Cumming's Reply. (ECF No. 55.) By Memorandum Order entered April 29, 2013, the Court granted Cummings an extension of time to file any further response. (ECF No. 56.) On June 17, 2013, Cummings filed an additional response. (ECF No. 57.) The record before the Court demonstrates that Cummings is entitled to no relief.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient

performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Cummings's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea,

3

including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (alteration in original) (internal quotation marks and citations omitted). Accordingly, the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

### III. ANALYSIS

Cummings argues that counsel deficiently advised him not to accept the United States's plea agreement with a stipulated drug quantity and advised Cummings to plead guilty without a plea agreement. In support of this claim, Cummings points to the Statement of Facts which state that police found 90 grams of heroin in the cereal box in the car driven by Cummings. (Reply (ECF No. 53) 3; Statement of Facts (ECF No. 53–

3) ¶ 3.) Cummings believes that "[if] attorney Sheridan had properly advised the petitioner as to the importance of signing the statement of facts, he would have surely signed it as it was in his best interest as it only required him to admit to 90 grams of heroin." (Reply 3.) Cummings mistakenly posits that if he signed the Statement of Facts he could not have been found liable for more than 90 grams of heroin mentioned therein for sentencing purposes.

In response, the Government explains that it "made no offer in the case at all, including any offer that would have limited the attributable drug weight." (Duffey Decl. (ECF No. 51–4) ¶ 1.) Defense counsel also recalls no plea offer that limited the drug quantity. (Sheridan Decl. (ECF No. 51–2) ¶ 1.) Instead, the Government "made clear early in the case that the government's position was that [Cummings's] post-*Miranda* statements would be used for relevant conduct purposes at sentencing" and that "approximately 18 kilograms of heroin" were attributable to Cummings. (Duffey Decl. ¶ 1.) The Government inquired early in the case whether or not Cummings wished to cooperate. (*Id.* ¶ 2.) In anticipation of a guilty plea, the Government forwarded defense counsel a proposed Statement of Facts. (*Id.* ¶ 3.) The Statement of Facts "did not limit the attributable drug weight for sentencing purposes, but simply set forth the facts necessary for the Court to make a finding of guilt." (*Id.*; *see* Statement of Facts (ECF No. 51–1) ¶ 3.)

Defense counsel informed the Government that Cummings "did not wish to cooperate, and would not sign a plea agreement; but rather wished to plead guilty without

any agreement." (Duffey Decl. ¶ 2; *see* Sheridan Decl. ¶ 2.) Thus, the Government never forwarded a plea agreement to defense counsel. (Duffey Decl. ¶ 2.) On the day of the plea hearing, defense counsel informed the Government that Cummings did not wish to sign the Statement of Facts. (*Id.* ¶ 3.)[1]

The record conclusively refutes Cummings's speculation that that the Government offered him a plea agreement limiting the attributable drug weight. The Government swears it made no plea offer to Cummings. Cummings offers nothing beyond mere allegations to counter this sworn statement.

Cummings assertion that, but for counsel's deficient advice not to sign the Statement of Facts, Cummings's would have only been liable for 90 grams of heroin identified in the Statement of Facts, also lacks factual merit. As explained by the Government, the drug quantity in the Statement of Facts provided no limitation on drug weight attributable to Cummings's for sentencing purposes. Contrary to Cummings's assertions, even if Cummings had signed the Statement of Facts, the Court could have considered Cummings's post-arrest statements as relevant conduct and increased the drug quantity attributable to Cummings. *See United States v. Cummings*, No. 3:08CR226-HEH, 2013 WL 597497, at *7 (E.D. Va. Feb. 15, 2013). The Statement of Facts provided no guarantee that the Court would have sentenced Cummings based upon a drug weight of 90 grams of heroin. Thus, Cummings fails to demonstrate that counsel was

---

[1] Defense counsel states that after explaining trial and plea options with Cummings, Cummings made his own decision to plead guilty without a plea agreement. (Sheridan Decl. ¶¶ 2, 4.) Counsel explained that she reviewed the Statement of Facts with Cummings, and he chose not to sign. (*Id.* ¶ 3.) Counsel never directed Cummings to withhold his signature. (*Id.*)

deficient or that, but for any purported error of counsel, Cummings would have pled guilty.

## V. CONCLUSION

Claim Eight lacks merit and will be dismissed. Cummings's 28 U.S.C. § 2255 motion will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Cummings has not satisfied this standard. Accordingly, a certificate of appealability is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: June 24, 2013
UNITED STATES DISTRICT JUDGE
Richmond, Virginia

7